**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____
_____

| | |
|---|---|
| **MICHAEL BRICE,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) No. 08 C 02995 |
| **THE CITYOF CHICAGO, OFFICERS** | ) |
| **D. KLEINFELDER, STAR #13571,** | ) Judge Grady |
| **J. LAVORATA, STAR #8464, OTHER** | ) |
| **UNKNOWN CHICAGO POLICE** | ) Magistrate Judge Brown |
| **OFFICERS, OTHER UNKNOWN** | ) |
| **EMPLOYEES OF THE CHICAGO** | ) |
| **POLICE DEPARTMENTS 18TH DISTRICT,** | ) |
| **SERGIO INTERIAL, and UNKNOWN** | ) |
| **EMPLOYEES OF THE HANGEE-UPPE** | ) |
| **TAVERN,** | ) |
| **Defendants.** | ) |

_____
_____

**AMENDED COMPLAINT**

**COUNT I - ILLEGAL ARREST**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the

Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4.  This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5.  Plaintiff is a citizen of the United States and resident of Boulder, Colorado.

6.  Defendants, Kleinfelder, Lavorata, Unknown Chicago Police Department employees, and Unknown Chicago Police officers, were on duty and acting under color of state law at all times relevant to this Complaint.

7.  The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Kleinfelder, Lavorata and Unknown Chicago Police Department employees and Unknown Chicago Police officers.

8.  Sergio Interial was employed by The Hangee-Uppe Tavern at 14 W. Elm St., Chicago, Illinois on May 25, 2007.

9.  Unknown employees/agents of The Hangee-Uppe Tavern were on duty on May 25, 2007.

## THE FOURTH AMENDMENT VIOLATION

10.  On May 25, 2007, Plaintiff was arrested and charged with battery.

11.  The Defendants Kleinfelder and Lavorata did not witness the Plaintiff violate

2

any law on May 25, 2007.

12. Defendants, Kleinfelder and Lavorata, did not have an arrest warrant for the Plaintiff on May 25, 2007.

13. Defendants, Kleinfelder and Lavorata, did not have a search warrant for the Plaintiff on May 25, 2007.

14. Defendants, Kleinfelder and Lavorata, wrote false and misleading police reports alleging that the Plaintiff committed a battery on May 25, 2007.

15. When arrested Plaintiff was suffering from a severe head injury.

16. Plaintiff, shortly after his arrest, repeatedly asked Defendants, Kleinfelder and Lavorata, for medical treatment of his head injury.

17. Defendants, Kleinfelder and Lavorata, repeatedly refused to render and/or request medical attention for Plaintiff's severe head injury.

18. Plaintiff was charged in case number 07 M1-122078801.

19. On June 15, 2007, on the motion of the Cook County State's Attorney's Office the charges against Plaintiff were dismissed.

20. As a direct and proximate result of the unconstitutional conduct of the Defendants, Kleinfelder and Lavorata, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the Defendants Kleinfelder and Lavorata.

3

## COUNT II - DUE PROCESS AND FOURTH AMENDMENT

1.  Plaintiff while in the custody of the Chicago Police Department, after his false arrest, was taken to the 18th District.

2.  Plaintiff was eventually placed in a holding cell (lock up).

3.  Plaintiff repeatedly asked for/requested of the Unknown Chicago Police Department employees medical attention for his head injuries.

4.  Plaintiff was repeatedly denied medical attention by the Unknown Chicago Police Department employees of the 18th District lock up area.

5.  After more than twelve hours into his custody at the 18th District Plaintiff vomited in the lock up.

6.  After Plaintiff vomited Unknown Chicago Police Department employees finally heeded Plaintiffs's earlier requests and a Chicago Fire Department ambulance arrived at the 18th District and transported plaintiff to a nearby hospital.

7.  The Chicago Fire Department personnel that responded to the 18th District found Plaintiff supine and noted that Plaintiff had been complaining of pain for the past 12 hours.

8.  Plaintiff was initially taken to Lincoln Park Hospital.

9.  Upon evaluation by medical personnel at Lincoln Park hospital, Plaintiff was immediately transported to a Trauma Center at Masonic hospital.

10.  Plaintiff has suffered permanent injuries as a result of the lack of medical attention by Unknown Chicago Police Department personnel of the 18th District.

11.  Plaintiff is no longer capable of the employment he enjoyed and excelled at on and before May 25, 2007, due to the severe and permanent injuries caused by the lack of medical care and/or attention of the 18th District employees.

12.  On May 24, 2007, Plaintiff was prescribed and had taken an anti-seizure medication in the morning.

13.  Plaintiff's arrest was at or about 2 a.m. on May 25, 2007.

14.  Plaintiffs prescription called for one dose each morning.

15.  Plaintiff repeatedly requested access to his prescription medication from the Unknown Chicago Police Department personnel at the 18th District in the morning hours of May 25, 2007.

16.  Plaintiffs requests for his prescription medication fell on deaf ears.

17.  Plaintiff was not transported to the hospital from the 18th District lock up until about 6:30 p.m. on May 25, 2007.

WHEREFORE, Plaintiff prays this Honorable Court will award him actual  and punitive damages, expenses and reasonable attorney fees against defendants Unknown Chicago Police Department employees.

## COUNT III - STATE MALICIOUS PROSECUTION

_____1-20.  Plaintiff re-alleges paragraphs 1-20 of Counts I as paragraphs 1-20 of Count II.

21.  Defendants, Kleinfelder and Lavorata, wrote false and misleading police reports regarding the arrest of Plaintiff, including but not limited to stating that he

committed a battery May 25, 2007.

22.  Defendants, Kleinfelder and Lavorata, knew their false police reports would be relied on by superior officers by and Assistant State's Attorneys to determine charges against the plaintiff.

23.  Based on the Defendants' false reports, Plaintiff was charged under case number 07 M1-122078801.

24.  On June 15, 2007, in case number 07122078801, the State's Attorney's Office dismissed all charges relative to the plaintiff.

25.  Plaintiff is innocent of those charges.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the Defendants, Kleinfelder and Lavorata, for his malicious prosecution.

### COUNT IV - BATTERY

1.  On May 25, 2007, and prior thereto, Defendant Hangee-Uppe owned, operated, managed, maintained and controlled a certain premises at 14 W. Elm St., Chicago, County of Cook, State of Illinois.

2.  That on or about May 25, 2007, Defendants Employee(s) and/or its agent(s) acting as security/bouncer for Hangee-Uppe caused injury to Plaintiff by intentionally and maliciously attacking Plaintiff by striking Plaintiffs head as he attempted to leave the premises causing severe internal injuries.

3.  Defendant Hangee-Uppe through its agents, who were acting within the course

and scope of their employment, intended to cause and did cause a harmful contact with Plaintiffs.

4.  That as a direct and proximate result of the aforesaid acts, Plaintiff then and there sustained severe injuries and was and will be prevented from attending to his usual duties and affairs.

5.  Plaintiff further expended and became liable for large sums of money for medical care and services endeavoring him to become healed from said injuries.

WHEREFORE, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against Defendant Hangee-Uppe.

## COUNT V- MALICIOUS PROSECUTION

1.  Plaintiff realleges paragraphs 1-4 of Count III as paragraphs 1-4 of Count IV.

2.  Defendant Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe, made false and misleading statements to Chicago Police personnel indicating the Plaintiff had committed a battery while in Hangee-Uppe.

3.  Defendant Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe knew that Chicago Police personnel would rely on their statements to charge Plaintiff with the criminal offense of battery.

4.  Plaintiff, based on the false and misleading statements made to Chicago Police personnel by Defendants, Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe, was charged with committing a battery on Sergio Interial.

5.  Plaintiff was innocent of that charge.

6.  Those false and misleading statements made by Defendants, Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe, were made to cover up the illegal infliction of the severe head injuries to Plaintiff by either Sergio Interial and/or other unknown employees/agents of defendant Hangee-Uppe.

WHEREFORE, Plaintiff prays this Honorable Court will award him actual  and punitive damages, expenses and reasonable attorney fees against Defendants, Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe.

## COUNT VI - STATUTORY INDEMNIFICATION

1-25.  Plaintiff re-allege paragraphs 1-25 of Counts I, II, and V as paragraphs 1-25 of Count III.

26.  At all relevant times 745 ILCS 10/9-102 was in full force and effect.

27.  The defendant officers were acting under color of state law and as employees of the City of Chicago.

Respectfully Submitted,

S/ Kevin Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022
