IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BRICE,                                )  |   |
|                                                         )  | No. 08 C 02995 |
|         Plaintiff,                                   )  |   |
|                                                         )  | Judge Grady |
|         v.                                             )  |   |
|                                                         )  |   |
| THE CITY OF CHICAGO, OFFICERS, ) | Magistrate Judge Brown |
| D. KLEINFELDER, STAR #13571,       ) |   |
| J. LAVORATA, STAR #8464, OTHER  ) | Jury Demand |
| UNKNOWN CHICAGO POLICE         )  |   |
| OFFICERS, OTHER UNKNOWN      )  |   |
| EMPLOYEES OF THE CHICAGO    )  |   |
| POLICE DEPARTMENTS 18TH         )  |   |
| DISTRICT, SERGIO INTERIAL, and )  |   |
| UNKNOWN EMPLOYEES OF THE   )  |   |
| HANGEE-UPPE TAVERN,                  )  |   |
|                                                         )  |   |
|         Defendants.                              )  |   |

**DEFENDANTS CITY OF CHICAGO, KLEINFELDER AND LAVORATA'S ANSWER, DEFENSESAND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, City of Chicago, ("City"), and Officers David Kleinfelder and John Lavorata ("Defendant Officers"), by one of their attorneys, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, answers the Second Amended Complaint and states:

**COUNT I - ILLEGAL ARREST**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

**ANSWER:** City and Defendant Officers admit jurisdiction is proper with this Court, but deny any complained of conduct.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

**ANSWER:** City and Defendant Officers admit this Court has supplementary jurisdiction over related state claims raised by plaintiff in this Second Amended Complaint, but deny any complained of conduct.

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

**ANSWER:** City and Defendant Officers admit venue is proper, and are without knowledge or information sufficient to form a belief as to where all of the parties reside. City and Defendant Officers deny the remaining allegations and complained of conduct contained in paragraph 3, above, of Count I of Plaintiff's Second Amended Complaint.

4. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

**ANSWER:** City and Defendant Officers admit this action is purportedly brought under the Fourth Amendment pursuant to 42 U.S.C. § 1983. Defendant Officers and, on information and belief, the City, deny the remaining allegations and complained of conduct contained in paragraph 4, above, of Count I of Plaintiff's Second Amended Complaint.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Boulder, Colorado.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, above, of Count I of Plaintiff's Second Amended Complaint.

6. Defendants, Kleinfelder, Lavorata, Unknown Chicago Police Department employees, and Unknown Chicago Police officers, were on duty and acting under color of state law at all times relevant to this Complaint.

**ANSWER:** City and Defendant Officers admit that Defendant Officers Kleinfelder and Lavorata were on duty and acting under the color of state law at all times relevant to this Complaint. City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, above, of Count I of Plaintiff's Second Amended Complaint in regard to unknown Chicago police officers and unknown Chicago Police Department employees.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Kleinfelder, Lavorata and Unknown Chicago Police Department employees and Unknown Chicago Police officers.

**ANSWER:** City and Defendant Officers admit that the City is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Officers. The City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, above, of Count I of Plaintiff's Second Amended Complaint.

8. The Hangee-Uppe, Inc. an Illinois Corporation doing business as The Hangee-Uppe at 14 W. Elm St., Chicago.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, above, of Count I of Plaintiff's Second Amended Complaint.

9. Sergio Interial was employed by The Hangee-Uppe Tavern at 14 W. Elm St., Chicago, Illinois on May 25, 2007.

**ANSWER:** Upon information and belief, Defendant Officers admit the allegations contained in paragraph 9, above, of Count I of Plaintiff's Second Amended Complaint.

City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, above, of Count I of Plaintiff's Second Amended Complaint.

10. Unknown employees /agents of The Hangee-Uppe Tavern (sic) who were on duty on May 25, 2007.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, above, of Count I of Plaintiff's Second Amended Complaint.

## THE FOURTH AMENDMENT VIOLATION

11. On May 25, 2007, Plaintiff was arrested and charged with battery.

**ANSWER:** Defendant Officers and, on information and belief, the City, admit the allegations contained in paragraph 11, above, of Count I of Plaintiff's Second Amended Complaint.

12. The Defendants Kleinfelder and Lavorata did not witness the Plaintiff violate any law on May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, admit the allegations contained in paragraph 12, above, of Count I of Plaintiff's Second Amended Complaint.

13. Defendants, Kleinfelder and Lavorata, did not have an arrest warrant for the Plaintiff on May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, admit the allegations contained in paragraph 13, above, of Count I of Plaintiff's Second Amended Complaint.

14. Defendants, Kleinfelder and Lavorata, did not have a search warrant for the Plaintiff on May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, admit the

allegations contained in paragraph 14, above, of Count I of Plaintiff's Second Amended Complaint.

15. Defendants, Kleinfelder and Lavorata, wrote false and misleading police reports alleging that the Plaintiff committed a battery on May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 15, above, of Count I of Plaintiff's Second Amended Complaint.

16. When arrested Plaintiff was suffering from a severe head injury.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, above, of Count I of Plaintiff's Second Amended Complaint.

17. Plaintiff, shortly after his arrest, repeatedly asked Defendants, Kleinfelder and Lavorata, for medical treatment of his head injury.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 17, above, of Count I of Plaintiff's Second Amended Complaint.

18. Defendants, Klainfelder and Lavorata, repeatedly refused to render and/or request medical attention for Plaintiff's severe head injury.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 18, above, of Count I of Plaintiff's Second Amended Complaint.

19. Plaintiff was charged in case number 07 M1-122078801.

**ANSWER:** Upon information and belief, Defendant Officers and the City admit the allegations contained in paragraph 19, above, of Count I of Plaintiff's Second Amended Complaint.

20. On June 15, 2007, on the motion of the Cook County State's Attorney's Office the charges against Plaintiff were dismissed.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, above, of Count I of Plaintiff's Second Amended Complaint.

21. As a direct and proximate result of the unconstitutional conduct of the Defendants, Kleinfelder and Lavorata, Plaintiff suffered actual harm.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 21, above, of Count I of Plaintiff's Second Amended Complaint.

## COUNT II - DUE PROCESS AND FOURTH AMENDMENT

1. Plaintiff while in the custody of the Chicago Police Department, after his false arrest, was taken to the 18th District.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny plaintiff was falsely arrested. Upon information and belief, Defendant Officers and the City admit the remaining allegations contained in paragraph 1, above, of Count II fo Plaintiff's Second Amended Comaplint.

2. Plaintiff was eventually placed in a holding cell (lock up).

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, above, of Count II of Plaintiff's Second Amended Complaint.

3. Plaintiff repeatedly asked for/requested of the Unknown Chicago Police Department employees medical attention for his head injuries.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, above, of Count II of

Plaintiff's Second Amended Complaint.

4. Plaintiff was repeatedly denied medical attention by the Unknown Chicago Police Department employees of the 18th District lock up area.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, above, of Count II of Plaintiff's Second Amended Complaint.

5. After more than twelve hours into his custody at the 18th District Plaintiff vomited in the lock up.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, above, Count II.

6. After Plaintiff vomited Unknown Chicago Police Department employees finally heeded Plaintiff's earlier requests and a Chicago Fire Department ambulance arrived at the 18th District and transported plaintiff to a nearby hospital.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, above, of Count II.of Plaintiff's Second Amended Complaint.

7. The Chicago Fire Department personnel that responded to the 18th District found Plaintiff supine and noted that Plaintiff had been complaining of pain for the past 12 hours.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, above, of Count II of Plaintiff's Second Amended Complaint.

8. Plaintiff was initially taken to Lincoln Park Hospital.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, above, of Count II of

Plaintiff's Second Amended Complaint.

9. Upon evaluation by medical personnel at Lincoln Park hospital, Plaintiff was immediately transported to a Trauma Center at Masonic hospital.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, above, of Count II of Plaintiff's Second Amended Complaint.

10. Plaintiff has suffered permanent injuries as a result of the lack of medical attention by Unknown Chicago Police Department personnel of the 18th District.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, above, of Count II of Plaintiff's Second Amended Complaint. City and Defendant Officers deny any complained of conduct.

11. Plaintiff is no longer capable of the employment he enjoyed and excelled at on and before May 25, 2007, due to the severe and permanent injuries caused by the lack of medical care and/or attention of the 18th District employees.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, above, of Count II of Plaintiff's Second Amended Complaint. City and Defendant Officers deny any complained of conduct.

12. On May 24, 2007, Plaintiff was prescribed and had taken an anti-seizure medication in the morning.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, above, of Count II of Plaintiff's Second Amended Complaint.

13. Plaintiff's arrest was at or about 2 a.m. on May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, admit the allegations contained in paragraph 13, above, of Count II of Plaintiff's Second Amended Complaint.

14. Plaintiff's prescription called for one dose each morning.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, above, of Count II of Plaintiff's Second Amended Complaint.

15. Plaintiff repeatedly requested access to his prescription medication from the Unknown Chicago Police Department personnel at the 18th District in the morning hours of May 25, 2007.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, above, of Count II of Plaintiff's Second Amended Complaint.

16. Plaintiffs request s for his prescription medication fell on deaf ears.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, above, of Count II of Plaintiff's Second Amended Complaint. City and Defendant Officers deny any complained of conduct.

17. Plaintiff was not transported to the hospital from the 18th District lock up until about 6:30 p.m. on May 25, 2007.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, above, of Count II of Plaintiff's Second Amended Complaint.

**COUNT III - STATE MALICIOUS PROSECUTION**

1-21. Plaintiff re-alleges paragraphs 1-21 of Counts I and II as paragraphs 1-21 of Count III.

**ANSWER:** City and Defendant Officers hereby incorporate, make a part hereof, and re-assert their respective answers to paragraphs 1-21 of Counts I and II of Plaintiff's Second Amended Complaint, above, as their respective answers to paragraph 1-21 of Count III of Plaintiff's Second Amended Complaint, above, as those paragraphs are incorporated and fully set forth herein.

22. Defendants Kleinfelder and Lavorata, wrote false and misleading police reports regarding the arrest of Plaintiff, including but not limited to stating that he committed a battery May 25, 2007.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 22, above, of Count III of Plaintiff's Second Amended Complaint.

23. Defendants, Kleinfelder and Lavorata, knew their false police reports would be relied on by superior officers by and Assistant State's Attorneys to determine charges against the plaintiff.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 23, above, of Count III of Plaintiff's Second Amended Complaint.

24. Based on the Defendants' false reports, Plaintiff was charged under case number 07 Ml-122078801.

**ANSWER:** Defendant Officers and, on information and belief, the City, deny the allegations and complained of conduct contained in paragraph 24, above, of Count III of Plaintiff's Second Amended Complaint.

25. On June 15, 2007, in case number 07122078801, the State's Attorney's Office dismissed all charges relative to the plaintiff.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, above, of Count III of Plaintiff's Second Amended Complaint.

26. Plaintiff is innocent of those charges.

**ANSWER:** On information and belief, Defendant Officers and the City deny the allegations and complained of conduct contained in paragraph 26, above, of Count III of Plaintiff's Second Amended Complaint.

## COUNT IV - BATTERY

1. On May 25, 2007, and prior thereto, Defendant Hangee-Uppe Inc. owned, operated, managed, maintained and controlled a certain premises at 14 W. Elm St., Chicago, County of Cook, State of Illinois, the Hangee-Uppe bar/tavern.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, above, of Count IV of Plaintiff's Second Amended Complaint.

2. That on or about May 25, 2007, Defendants Employee(s) and/or its agent(s) acting as security/bouncer for Hangee-Uppe caused injury to Plaintiff by intentionally and maliciously attacking Plaintiff by striking Plaintiff's head as he attempt ed to leave the premises causing severe internal injuries.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, above, of Count IV of Plaintiff's Second Amended Complaint.

3. Defendant Hangee-Uppe through its agents, who were acting within the course and scope of their employment, intended to cause and did cause a harmful contact with Plaintiffs.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, above, of Count IV of Plaintiff's Second Amended Complaint.

4. That as a direct and proximate result of the aforesaid acts, Plaintiff then and there sustained severe injuries and was and will be prevented from attending to his usual duties and affairs.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, above, of Count IV of Plaintiff's Second Amended Complaint.

5. Plaintiff further expended and became liable for large sums of money for medical care and services endeavoring him to become healed from said injuries.

**ANSWER:** City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, above, of Count IV of Plaintiff's Second Amended Complaint.

## COUNT V - MALICIOUS PROSECUTION

1. Plaintiff realleges paragraphs 1-4 of Count III (sic) as paragraphs 1-4 of Count IV (sic).

**ANSWER:** City and Defendant Officers hereby incorporate, make a part hereof, and re-assert their respective answers to paragraphs 1-4 of Count III (sic) of Plaintiff's Second Amended Complaint, above, as their respective answers to paragraph 1-4 of Count IV (sic) of Plaintiff's Second Amended Complaint, above, as those paragraphs are incorporated and fully set forth herein.

2. Defendant Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe Inc., made false and misleading statements to Chicago Police personnel indicating the Plaintiff had committed a battery while in Hangee-Uppe.

**ANSWER:**   City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, above, of Count V of Plaintiff's Second Amended Complaint.

3. Defendant Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe Inc. knew that Chicago Police personnel would rely on their statements to charge Plaintiff with the criminal offense of battery.

**ANSWER:**   City and Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, above, of Count V fo Plaintiff's Second Amended Complaint.

4. Plaintiff, based on the false and misleading statements made to Chicago Police personnel by Defendants, Sergio Interial and/or other unknown employees /agents of Defendant Hangee-Uppe, was charged with committing a battery on Sergio Interial.

**ANSWER:**   Defendant Officers and, on information and belief, the City, admit plaintiff was charged with committing a battery. Defendant Officers and, on information and belief, the City, deny that the Defendant Officers made any false and misleading statements. Defendant Officers and the City are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, above, of Count V of Plaintiff's Second Amended Complaint.

5. Plaintiff was innocent of that charge.

**ANSWER:**   On information and belief, Defendant Officers and the City deny the allegations and complained of conduct contained in paragraph 5, above, of Count V of Plaintiff's Second Amended Complaint.

6. Those false and misleading statements made by Defendants, Sergio Interial and/or other unknown employees/agents of Defendant Hangee-Uppe Inc., were made to cover up the

illegal infliction of the severe head injuries to Plaintiff by either Sergio Interial and/or other unknown employees /agents of defendant Hangee-Uppe Inc..

**ANSWER:** Defendant Officers and, on information and belief, the City, deny that the Defendant Officers made any false and misleading statements. Defendant Officers and the City are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, above, of Count V of Plaintiff's Second Amended Complaint.

## COUNT VI - STATUTORY INDEMNIFICATION

1-26. Plaintiff re-allege paragraphs 1-26 of Counts I, II, III and V as paragraphs 1-26 of Count VI.

**ANSWER:** City and Defendant Officers hereby incorporate, make a part hereof, and re-assert their respective answers to paragraphs 1-26 of Counts I, II, III and V of Plaintiff's Second Amended Complaint, above, as their respective answers to paragraph 1-26 of Count IV of Plaintiff's Second Amended Complaint, above, as those paragraphs are incorporated and fully set forth herein.

26. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

**ANSWER:** City and Defendant Officers admit the allegations contained in paragraph 26, above, of County VI of Plaintiff's Second Amended Complaint.

27. The defendant officers were acting under color of state law and as employees of the City of Chicago.

**ANSWER:** City and Defendant Officers admit the allegations contained in paragraph 27, above, of Count VI of Plaintiff's Second Amended Complaint.

## CITY'S AFFIRMATIVE DEFENSES

1.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.      Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.      Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

6.      Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (2006).

7.      As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

8. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

9. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

10. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (West 2006) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### **DEFENDANTS' 12(b)(6) DEFENSES**

1. An award of punitive damages would deprive Defendant Officers of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and

(b) the award of punitive damages is disproportionate to actual damages.

2. Plaintiff fails to state a claim for an arrest without probable causue under the Fourth Amendment. Plaintiff admits in Count V of his Second Amended Complaint that he was

arrested based on the statements of a third party. A police officer may rely upon another person to establish probable cause. Therefore, plaintiff's arrest without probable cause claim should be dismissed.

    3. To the extend that plaintiff is making a general due process claim in Count I and II of his Second Amended Complaint, his complaint should be dismissed. Plaintiff cannot state a general claim for a constitutional violation of his due process rights.

    4. To the extent plaintiff is claiming separate causes of action for "continuing detention" or "continuing seizure" outside of the context of his claim for false arrest, those claims should be dismissed. "Continuing detention" or "continuing seizure" does not constitute a cause of action under 42 U.S.C. § 1983 independent from claims for false arrest.

    5. To the extent plaintiff is claiming separate causes of action in Count II of his Second Amended Complaint, those causes of action should be dismissed as duplicative, for plaintiff already plead the same causes of action within Count I of his Second Amended Complaint.

## DEFENDANT OFFICERS' AFFIRMATIVE DEFENSES

    1. Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in plaintiff's Second Amended Complaint, a reasonable Police Officer, objectively viewing facts and circumstances then confronting Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within Constitutional limits that were clearly established at the time. Defendant Police Officers are, therefore, entitled to qualified immunity.

2.  As to all State law claims, under the Illinois Tort Immunity Act, Defendant Police Officers are not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2006).

3.  As to all State law claims, under the Illinois Tort Immunity Act, Defendant Police Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

4.  Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act of omission of another person. 745 ILCS 10/2-204 (West 2006).

5.  As to all State law claims, under the Illinois Tort Immunity Act, Defendant Police Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2006).

6.  Where Defendant Police Officers may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff's which were the proximate cause of these injuries.

7. At the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-1116 (West 2006) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

8. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgement obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

9. To the extent plaintiff is seeking to make state law denial of medical care claims, Defendant Officers, as police officers, are not liable for failure to furnish or obtain medical care for a prisoner in their custody, unless they know form their observations that the prisoner was in immediate need of medical care and were willful and wanton in failing to take reasonable action to summon medical care. 745 ILCS 10/4-105 (West 2006).

## CONCLUSION

WHEREFORE, Defendant City of Chicago and Defendant Officers Kleinfelder and Lavorata respectfully request that judgment be entered in their respective favors and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

The Defendants, City of Chicago and Officers Kleinfelder and Lavorata, requests trial by jury.

**DATED: AUGUST 8, 2008**               Respectfully submitted,

                                        By:    */s/ Sanjay Patel*
                                               SANJAY H. PATEL
                                               Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
(312) 742-3902
Attorney No. 6272840